**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X   Case No.

JESSICA BHULAI,

                    Plaintiff,                **COMPLAINT**

        - against -

                                      **PLAINTIFF DEMANDS**

MM HOTEL MANAGEMENT, LLC d/b/a THE      **A TRIAL BY JURY**
GARDEN CITY HOTEL, and FAWZY ABDALLA,
individually,

                    Defendants.

---------------------------------------------------------------------X

JESSICA BHULAI, ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, PLLC, against MM HOTEL MANAGEMENT, LLC, doing business as, THE GARDEN CITY HOTEL ("MM Hotel") and FAWZY ABDALLA ("Abdalla"), individually, (collectively, as "Defendants") alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1.     This is a civil action based upon violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the sex discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (ii) the sex discrimination provisions of the New York State Human Rights Law, New York State Executive Law, § 296 *et seq.* ("NYSHRL"); and (iii) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq.*

3.  The Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. §1367.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

5.  Plaintiff filed a charge of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC") and New York State Division of Human Rights (NYSDHR).

6.  Plaintiff received a Determination and Order of Dismissal for Administrative Convenience from the NYSDHR, dated July 29, 2019, with respect to the instant charges of discrimination.  A copy of the Notice is annexed to this Complaint.

7.  This action is being commenced within 90 days of receipt of the Determination and Order of Dismissal for Administrative Convenience.

## PARTIES

8.  At all relevant times herein, Plaintiff was and is a resident of the State of New York and was and is a "person" and an "employee" entitled to protection as defined by Title VII and the NYSHRL.

9.  At all relevant times herein, Defendant MM Hotel is a domestic limited liability company that operates in the management services and hotel industry, with its principal place of business located at 45 Seventh Street, Garden City, New York 11530.

10. At all relevant times herein, Defendant Abdalla works for Defendant MM Hotel as the Executive Housekeeper.  In that role, Defendant Abdalla directly supervises Defendant MM Hotel's employees, including Plaintiff.   Additionally, Defendant Abdalla has

2

authority to hire, fire, or affect the terms and conditions of Plaintiff's employment.  In fact, Defendant Abdalla hired Plaintiff.

11.     At all relevant times herein, Defendant MM Hotel "employs" fifteen and thus one or more "employees," and is thus an "employer" within the meaning of Title VII and the NYSHRL, while Defendant Abdalla is an "employer" and "person" within the meaning of Title VII and the NYSHRL.

## MATERIAL FACTS

12.     MM Hotel is a limited liability company that operates a hotel located at 45 Seventh Street, Garden City, New York 11530 that holds itself out to the public and does business under the name The Garden City Hotel ("the Hotel").

13.     On October 5, 2018, Plaintiff started work with Defendants as a housekeeping manager at the Hotel, earning an approximate annual salary of $46,000.00.

14.     In or around the end of October or beginning of November 2018, while Plaintiff and Defendant Abdalla were in the housekeeping office, Defendant Abdalla pointed to Plaintiff's breasts, indicating that Plaintiff's bra was accidently exposed.  Defendant Abdalla further commented that Plaintiff had "big breasts" and "very nice breasts." Defendant Abdalla's comments were unwelcome and offensive to Plaintiff.

15.     On November 4, 2018, when Defendant Abdalla saw Plaintiff arrive at the Hotel, he approached her and indicated that he wanted to give Plaintiff a hug.  Defendant Abdalla then demanded that Plaintiff go in to one of the vacant hotel rooms.  Distraught and in fear of losing her job, Plaintiff had no choice but to oblige.

16.     While in the vacant room, Defendant Abdalla hugged Plaintiff and forced his tongue in Plaintiff's mouth.  Then, Defendant Abdalla ordered Plaintiff to show him her breasts. Traumatized and petrified, Plaintiff felt paralyzed and was unable to move.  Defendant

Abdalla forcibly lifted Plaintiff's shirt, took Plaintiff's left breast out of her bra, and sucked on Plaintiff's breast.  After Defendant Abdalla finished his unlawful conduct, Plaintiff pulled her shirt down and left the vacant room, with Defendant Abdalla trailing behind her. Plaintiff then turned around and told Defendant Abdalla that he was taking advantage of Plaintiff.

17.  Plaintiff made it clear through her objections to the unlawful sexual contact that Defendant Abdalla's conduct was unwelcome.

18.  On November 12, 2018, Plaintiff e-mailed Ann Bonet, the Director of Human Resources, to lodge an internal complaint regarding Defendant Abdalla's sexual harassment.

19.  On November 15, 2018, after returning from her two-days off, Plaintiff again e-mailed Ms. Bonet ("November 15 e-mail") at work, detailing the two incidents of Defendant Abdalla's sexual harassment.

20.  That same day, Ms. Bonet called Plaintiff into a meeting to talk about Plaintiff's November 15 e-mail.  During this meeting, while visibly emotionally distraught, Plaintiff explained Abdalla's sexual harassment.  Plaintiff expressed her concern against working with Defendant Abdalla, especially on November 18, 2018, when they were both scheduled the same shift.  Plaintiff made it known to Ms. Bonet that she feared Defendant Abdalla and that she did not feel safe working with him.  Though Ms. Bonet told Plaintiff that she was going to launch an investigation, she failed to address Plaintiff's concern about her safety at work.

21.  In or around January of 2019, Defendants constructively discharged Plaintiff.

22.  Defendants intentional failure to address Plaintiff's safety concerns created a work atmosphere so intolerable that she was forced to quit.

23.  A reasonable employee in Plaintiff's situation would have felt compelled to resign.

4

24.  Defendant Abdalla made Plaintiff's working conditions intolerable that she was constructively discharged.

25.  For example[1], Abdalla would stay at work after his shifts ended and would roam the halls following Plaintiff as she cleaned/inspected the guest's rooms assigned to her.

26.  Abdalla had no duties or responsibilities to monitor the floors Plaintiff worked, especially after his shifts ended, yet he continued to do so.

27.  Abdalla would linger after his shifts and roam the floors Plaintiff worked even though there were three other managers on duty at those times.  In other words, Abdalla had no purpose to be on those floors except to continue harassing and intimidating Plaintiff.

28.  Plaintiff complained to the HR director who stated that Abdalla was free to do whatever he wanted after his shifts ended.

29.  Abdalla never roamed the floors Plaintiff worked post-shift ending prior to Plaintiff lodging a sexual harassment complaint.

30.  On another occasion when Plaintiff's shift ended at around 7:00pm Plaintiff noticed that Abdalla was sitting in his car (which was parked only a few cars down from Plaintiff's vehicle) even though his shift ended at 4:00pm.

31.  Plaintiff then asked a security guard to escort Plaintiff to her car.

32.  On another occasion, Plaintiff was located in the house keeping office preparing to begin inspecting/cleaning her assigned room.  Plaintiff had with her a work device issued to her by Defendants (known as the "hot sauce" device) which allowed her to communicate with other staff.

33.  Plaintiff stepped out of the office briefly leaving her hot sauce device behind.  When she returned the device had gone missing.

---

[1] This is not an exhaustive list.

34.     Plaintiff then searched the office and the approximately six rooms she previously cleaned/inspected but could not locate the device.

35.     Abdalla learned the device was missing and ordered Plaintiff to check a particular room with him.  Plaintiff refused to enter any room alone with Abdalla based on the sexual harassment allegations noted above.

36.     Abdalla continued insisting he and Plaintiff enter a room alone together under the guise of looking for the device.

37.     Plaintiff then attempted to leave that particular floor after the search was unfruitful. Abdalla physically blocked Plaintiff from entering the elevator to leave.  Plaintiff eventually circumvented Abdalla and got away.

38.     The next day Plaintiff learned that around 2:00pm a guest had turned in the missing device.

39.     Plaintiff then checked and saw that particular guest checked out at 6:00am which made it unlikely that particular guest turned in the device at 2:00pm.

40.     Plaintiff then checked the "do-out[2]" list and learned the particular room where the guest that turned in the device stayed had been removed from Plaintiff's list.  In other words, that particular room was not assigned to Plaintiff, and thus, she would not (and did not) enter that particular room at any time during the shift when the device went missing.

41.     Defendants' actions and conduct were intentional and intended to harm Plaintiff.

42.     Additionally, as a result of Defendants' discriminatory treatment of Plaintiff, she has suffered pecuniary loss, emotional distress, and physical ailments.

43.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe

---

[2] This is a list of rooms assigned to Plaintiff to clean/inspect following guests' departures.

emotional and physical distress.

44.     Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff demands punitive damages against all Defendants, jointly and severally.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT MM HOTEL**
*Sex Discrimination in Violation of Title VII*

45.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46.     42 U.S.C. § 2000e-2(a)(1), states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin[.]

47.     As described above, Defendant MM Hotel discriminated against Plaintiff on the basis of her sex, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her sex.

48.     As a result of Defendant MM Hotel's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

49.     Defendants constructively discharged Plaintiff.

50.     Defendant MM Hotel's unlawful discriminatory actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive

damages.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT MM HOTEL
### *Retaliation in Violation of Title VII*

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

53. Defendants' engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against Plaintiff because of Plaintiff's opposition to unlawful employment practices.

54. Plaintiff was retaliated against by Defendants for engaging in protected activity.

55. Plaintiff was constructively in retaliation for engaging in the above stated statutorily protected activity.

56. As a direct result of the acts and conduct complained of herein, Plaintiff has suffered inconvenience, special damages, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, humiliation, anger, depression, sadness, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

57. Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

58. Plaintiff is entitled to the maximum amount allowed under this statute/law.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
*Sex Discrimination in Violation of the NYSHRL*

59.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60.     Executive Law § 296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

61.     As described above, Defendants discriminated against Plaintiff on the basis of her sex, in violation of NYSHRL, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on Plaintiff's sex.  As a result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

62.     As a result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, embarrassment, stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## AS A *FOURTH* CAUSE OF ACTION
## FOR RETALIATION UNDER *NYSHRL § 296*

49.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

50.  By the acts and practices described above, Defendants retaliated against Plaintiff for their opposition to unlawful discrimination under NYSHRL § 296

51.  Plaintiff was constructively discharged in retaliation for engaging in the protected activity of reporting sexually harassing and discriminatory conduct.

52.  The defendant acted with malice and/or reckless indifference to Plaintiff statutorily protected rights.

Plaintiff is entitled to the maximum amount of damages allowed under this statute

## JURY DEMAND

63.  Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII and the NYSHRL, and that Defendants discriminated against Plaintiff on the basis of her sex;

B.  Restraining Defendants from any retaliation against Plaintiff for participating in any form in this litigation;

C.  Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination, and to otherwise make her whole for any losses suffered as a result

of such unlawful employment practices;

D.      Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E.      Awarding Plaintiff punitive damages;

F.      Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

G.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
         October 10, 2019

                                            **PHILLIPS & ASSOCIATES,**
                                            **ATTORNEYS AT LAW, PLLC**


                                             /s/ Joshua M. Friedman
                                            Joshua M. Friedman, Esq.
                                            45 Broadway, Suite 620
                                            New York, New York 10006
                                            T: (212) 248 - 7431
                                            F: (212) 901 - 2107
                                            jfriedman@tpglaws.com



**Division of
Human Rights**



RECEIVED
JUL 29 2019
BY:

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>JESSICA BHULAI,<br>Complainant,<br>v.<br><br>MM HOTEL MANAGEMENT, LLC, D/B/A THE GARDEN CITY HOTEL, "JOHN" ABDALLA (TRUE FIRST NAME UNKNOWN),<br>Respondents. | DETERMINATION AND ORDER OF DISMISSAL FOR ADMINISTRATIVE CONVENIENCE<br><br>Case No.<br>10199831 |

Federal Charge No. 16GB902072

On 1/16/2019, Jessica Bhulai filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of sex in violation of N.Y. Exec Law, art. 15 ("Human Rights Law").

Pursuant to Section 297.3 of the Human Rights Law, the Division finds that noticing the complaint for hearing would be undesirable and the complaint, therefore, is ordered dismissed on the grounds of administrative convenience for the following reason(s):

The Complainant intends to pursue federal remedies in court, in which forum all the issues concerning the question of discrimination charged can be resolved.

Section 297.9 of the Human Rights Law provides that:

... where the Division has dismissed such complaint on the grounds of the administrative convenience, ... such person shall maintain all rights to bring suit as if no complaint had been filed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and

Petition <u>within sixty (60) days after service of this Determination</u>. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: 7/24/19
Brooklyn, New York

STATE DIVISION OF HUMAN RIGHTS

By: _____
Joyce Yearwood-Drury
Director O.S.H.I.